Ahren A. Tiller (250608)
Brett F. Bodie (264452)
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Ph: (800) 492-4033
Fax: (866) 444-7026

Attorneys for Debtor
KAREN MARLENE HASAN

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN MARLENE HASAN,<br><br>    Debtor / Movant,<br><br>vs.<br><br>DEPARTMENT OF VETERANS AFFAIRS<br><br>    Respondent, | CASE NO.: 13-03632-LA7<br><br>Chapter 7<br><br>**DECLARATION OF ATTORNEY AHREN A. TILLER IN SUPPORT OF DEBTOR'S MOTION FOR SANCTIONS AGAINST DEPARTMENT OF VETERANS AFFAIRS** |

## DECLARATION

I, AHREN A. TILLER, am the attorney of record in the above referenced matter. I am licensed to practice law before the Southern District of California Bankruptcy Court. I am over the age of eighteen years and am competent to testify regarding the facts contained herein. I possess personal knowledge of the facts contained in this Declaration and if called upon to testify I could and would do so as follows. I do hereby declare under the penalty of perjury under the laws of the United State of America as follows:

1. I have been the attorney of record on over 3,686 bankruptcy cases in the Southern District of California Bankruptcy Court.

DECLARATION OF ATTORNEY AHREN TILLER IN SUPPORT OF MOTION FOR SANCTIONS
- 1 -

2. I have been the attorney of record in 24 adversary proceedings in the Southern District of California Bankruptcy Court.

3. I am Certified by the American Board of Certification as a Specialist in Consumer Bankruptcy Law.

4. Pursuant to the Fee Agreement signed for this matter, my hourly rate is $425.00 per hour. This rate is based on my experience, expertise, and certifications.

5. In this matter, I have billed at an hourly rate of $425.00 per hour. This rate is a reasonable hourly rate in light of my aforementioned experience and expertise in bankruptcy law. Furthermore, this hourly rate has been deemed reasonable and awarded by this court previously (See Case #: 14-02016-LT13).

6. Pursuant to the Fee Agreement signed for this matter, my associate attorney Brett F. Bodie, bills at an hourly rate of $325.00 per hour.  Mr. Bodie has worked for my firm for five years, has personally handled over 1,000 Chapter 7 and Chapter 13 bankruptcy cases, and has personally worked on at least 15 adversary proceedings. This rate is based on his experience and expertise.

7. I personally prepared the attached billable breakdown of hourly fees. I constructed the billable breakdown based upon my personal knowledge and my interoffice record keeping.

8. I can attest to the facts and accuracy of the attached billable invoice of time spent on this action.

9. My office has to date earned $30,980.00 in hourly fees working on rectifying the Respondent's unlawful conduct and preparing this Sanction Motion (See Attached Invoice of Attorney's Fees – Exhibit J).

10. The facts regarding my actions and those of my staff contained in the Motion for Contempt and Sanctions filed concurrently with this declaration are true and correct to the best of my knowledge. They are based on my personal knowledge, and my office's internal records and files kept in the ordinary course of business.

11. Between March 3, 2014 and March 6, 2014, at the behest of my Client, I placed multiple outbound calls to the VA. On each of my calls to the VA I was placed on hold for over 60 minutes each time.

12. On March 6, 2014, only after leaving multiple messages and being transferred to various individuals, I was able to speak to a representative named Scott who stated he could assist me in resolving this matter. I provided Scott with my Client's bankruptcy information and we had a lengthy discussion wherein I explained that the VA's conduct was a violation of the Debtor's discharge injunction and why the VA must release the seized tax refunds.

13. Per Scott's request, after ending the call, I sent an email to DMV.OPS@va.gov that contained another lengthy discussion of the issue and I attached (1) the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, (2) the Debtor's Discharge Order, and (3) a copy of the Debtor's bankruptcy schedules and forms. A true and correct copy of the e-mail and the attachments is attached to the Motion as Exhibit C and incorporated by this reference.

14. On or about March 18, 2014, my Client informed me she still had not received her tax refunds, so I placed another call to the VA. I waited on hold upward of 60 minutes again, and while on hold my Client informed me she had been able to speak with a VA representative and they had assured her they updated their records to show she had filed bankruptcy and would be releasing her tax refund. At the time, I believed this had resolved the issue.

15. On April 21, 2014, I sent the formal letter warning the VA that their actions violated the automatic stay and that they were required to return the Debtor's tax refunds immediately. A true and correct copy of the letter is attached to the Motion as Exhibit F and incorporated by this reference.

16. I believed at the time, this finally resolved the issue. Unbeknownst to me, my Client did not receive the full amount of her unlawfully-seized tax refunds from the VA.

17. On or about late June of 2014, I returned from vacation and my staff informed me that in my absence they had spoken to the Debtor and that she had not yet received her full funds from the VA. I placed another outbound call to the VA and had to sit through another over 45 minute long extended hold. When I finally spoke to a representative, they could not

DECLARATION OF ATTORNEY AHREN TILLER IN SUPPORT OF MOTION FOR SANCTIONS
– 3 –

explain why the remaining funds had not been released and all they could tell me was that they were being processed. I then informed the Debtor that I believed she would get her refunds soon, and advised her to let me know if she did not eventually receive them.

18. Between October 2nd and October 7th, 2014, I spoke with my Client on multiple occasions and discussed with her that she was having a local Congresswoman's office assist her in the VA matter.

19. On or about mid November 2014, my Client provided me with a letter from the VA addressed to Congresswoman Davis stating the VA's position that the underlying claim was not discharged in my Client's bankruptcy case (See Exhibit G).

20. In December of 2014, the Debtor again contacted my office and explained in detail what she had gone through over the last six months regarding the ordeal with the VA. We agreed that it was time to pursue formal Court intervention as all reasonable informal methods to get the VA to correct its behavior had been exhausted.

21. From December 2014 through March 2015, my office expended significant time preparing this detailed and extensive motion for an order to show cause why sanctions should not be issued against the Department of Veteran's Affairs. This matter was uniquely complex and required significant research, revision, and fact-checking to complete. The extensive time records contained in Exhibit J are a true reflection of the work done on this matter during that period.

22. I have attempted to resolve this matter with the Veteran's Administration for over a year. Every time I speak with a representative I get a different story, and on multiple occasions I was promised by a VA representative that their unlawful conduct would cease and they would immediately return the Debtor's unlawfully seized tax refunds, however to date over a year after they were seized, my client still has not received her tax refunds and still is receiving collection letters from the VA. I did everything possible to try to resolve this matter informally and see no other solution than to file this Sanction Motion in order to force the VA to cease their unlawful conduct.

1     I do hereby declare under penalty of perjury under the laws of the United States of America that the aforementioned facts are true and correct.

Dated: March 18, 2015

                                                <u>/s/ Ahren A. Tiller</u>
                                                Ahren A. Tiller
                                                Bankruptcy Law Center, APC
                                                Attorney for Debtor